UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| PAMELA RAE HARTMAN, | |
| Plaintiff, | |
| v. | CAUSE NO.: 4:19-CV-026-TLS |
| ANDREW SAUL, Commissioner of the Social Security Administration, | |
| Defendant. | |

**OPINION AND ORDER**

Plaintiff Pamela R. Hartman seeks review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits. Plaintiff argues that the Administrative Law Judge (ALJ) made several errors in formulating her residual functional capacity (RFC), including the weight given to opinion evidence as well as to her subjective complaints. For the reasons set forth below, the Court finds that reversal and remand is required for further proceedings.

**PROCEDURAL BACKGROUND**

On April 1, 2015, Plaintiff filed an application for disability insurance benefits, alleging disability beginning July 7, 2014. AR 155, ECF No. 9. The claim was denied initially and on reconsideration. *Id*. 90, 97. Plaintiff requested a hearing, which was held before the ALJ on August 15, 2017. *Id*. 12, 104, 151. On January 30, 2018, the ALJ issued a written decision and found Plaintiff not disabled. *Id.* 9–25. On March 15, 2019, Plaintiff filed her Complaint [ECF No. 1] in this Court, seeking reversal of the Commissioner's final decision. Plaintiff filed an opening brief [ECF No. 13], the Commissioner filed a response brief [ECF No. 16], and Plaintiff filed a reply brief [ECF No. 17].

**THE ALJ'S DECISION**

For purposes of disability insurance benefits and supplemental security income, a claimant is "disabled" if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than" twelve months. 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a). To be found disabled, a claimant must have a severe physical or mental impairment that prevents her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1505(a).

An ALJ conducts a five-step inquiry to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. The first step is to determine whether the claimant is no longer engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i), (b). In this case, the ALJ found that Plaintiff has not engaged in substantial gainful activity since July 7, 2014, the alleged onset date. AR 14.

At step two, the ALJ determines whether the claimant has a "severe impairment." 20 C.F.R. § 404.1520(a)(4)(ii), (c). Here, the ALJ determined that Plaintiff has the severe impairments of residuals from lumbar spine decompression and fusion surgery, cervical spinal disorder, fibromyalgia, migraine headaches, and obstructive sleep apnea. AR 15.

Step three requires the ALJ to consider whether the claimant's impairment(s) "meets or equals one of [the] listings in appendix 1 to subpart P of part 404 of this chapter." 20 C.F.R. § 404.1520(a)(4)(iii), (d). If a claimant's impairment(s), considered singly or in combination with other impairments, meets or equals a listed impairment, the claimant will be found disabled without considering age, education, and work experience. *Id.* § 404.1520(a)(4)(iii), (d). Here, the ALJ found that Plaintiff does not have an impairment or

2

combination of impairments that meets or medically equals a listing, indicating that she considered Listings 1.04, 3.10, and 11.00. AR 18–19.

When a claimant's impairment(s) does not meet or equal a listing, the ALJ determines the claimant's "residual functional capacity" (RFC), which "is an administrative assessment of what work-related activities an individual can perform despite [the individual's] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001); *see also* 20 C.F.R. § 404.1520(e). In this case, the ALJ assessed the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with exceptions. Specifically, the claimant is able to lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk 6 hours in an 8-hour workday and sit 6 hours in an 8-hour workday. The claimant is able to occasionally climb, balance, stoop, kneel, crouch and crawl.

AR 19.

The ALJ then moves to step four and determines whether the claimant can do her past relevant work in light of the RFC. 20 C.F.R. § 404.1520(a)(4)(iv), (f). In this case, the ALJ found that Plaintiff is capable of performing her past relevant work as an accountant and as a business manager, finding that the work does not require the performance of work-related activities precluded by Plaintiff's RFC. AR 24. Because Plaintiff could perform her past relevant work, the ALJ found that Plaintiff was not disabled at step four under 20 C.F.R. § 404.1520(f). *Id.* Thus, the ALJ did not need to move to step five to consider whether Plaintiff could "make an adjustment to other work" in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g). The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski v. Halter*, 245 F.3d 881, 885–86 (7th Cir. 2001); *see also* 20 C.F.R. § 404.1512.

Plaintiff sought review of the ALJ's decision by the Appeals Council, and the Appeals Council subsequently denied review. AR 1–3. Thus, the ALJ's decision is the final decision of the Commissioner. *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019). Plaintiff now seeks judicial review under 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the agency's final decision. 42 U.S.C. § 405(g). On review, a court considers whether the ALJ applied the correct legal standard and the decision is supported by substantial evidence. *See Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017); 42 U.S.C. § 405(g). A court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). It must be "more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007) (citing *Richardson*, 402 U.S. at 401). Even if "reasonable minds could differ" about the disability status of the claimant, the court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007)).

The court considers the entire administrative record but does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [the court's] own judgment for that of the Commissioner." *McKinzey v. Astrue*, 641 F.3d 884, 889 (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). Nevertheless, the court conducts a "critical review of the evidence," and the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues. *Lopez*, 336 F.3d at 539 (quotations omitted); *see also Moore*, 743 F.3d

at 1121 ("A decision that lacks adequate discussion of the issues will be remanded."). The ALJ is not required to address every piece of evidence or testimony presented, but the ALJ "has a basic obligation to develop a full and fair record and must build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (internal citations omitted). However, "if the Commissioner commits an error of law," remand is warranted "without regard to the volume of evidence in support of the factual findings." *White ex rel. Smith v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

## ANALYSIS

In this appeal, Plaintiff argues that the ALJ erred in formulating Plaintiff's RFC by failing to properly weigh the medical opinion evidence, by failing to properly weigh Plaintiff's subjective symptom testimony, and by failing to evaluate the severity of Plaintiff's mental impairments. The Court finds that remand is required for a proper evaluation of the medical opinion evidence.

The Residual Functional Capacity ("RFC") is a measure of what an individual can do despite her limitations. *Young v. Barnhart*, 362 F.3d 995, 1000–01 (7th Cir. 2004); 20 C.F.R. § 404.1545(a). The determination of a claimant's RFC is a legal decision rather than a medical one. *Diaz v. Chater*, 55 F.3d 300, 306 n.2 (7th Cir. 1995); *see also Thomas v. Colvin*, 745 F.3d 802, 808 (7th Cir. 2014) (citing 20 C.F.R. § 404.1527(d)). "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). "The RFC assessment is a function-by-function assessment based upon all of the

5

relevant evidence of an individual's ability to do work-related activities." *Id*. at *3.

The relevant evidence includes medical history; medical signs and laboratory findings; the effects of treatment; reports of daily activities; lay evidence; recorded observations; medical source statements; the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment; evidence from attempts to work; need for a structured living environment; and work evaluations, if available. *Id*. at *5. In arriving at an RFC, the ALJ "must consider all allegations of physical and mental limitations or restrictions and make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." *Id*. The Court considers each of Plaintiff's arguments in turn.

**A.      Medical Opinion Evidence**

An ALJ has an obligation to evaluate every medical opinion and explain the weight given to the opinion. *See* 20 C.F.R. § 404.1527(c). Medical opinions are weighed by considering the following factors: (1) whether there is an examining relationship; (2) whether there is a treatment relationship, and if so the length of the treatment relationship, the frequency of the examination, and the nature and extent of the treatment relationship; (3) whether the opinion is supported by relevant evidence and by explanations from the source; (4) the consistency of the opinion with the record as a whole; (5) whether the opinion was offered by a specialist about a medical issue related to his or her area of specialty; and (6) any other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(1)–(6).

*1.      Dr. Glafke, Consultative Examiner*

Plaintiff argues that the ALJ failed to properly evaluate the opinion of Dr. Glafke, a consultative psychological examiner who examined Plaintiff on May 8, 2015. The Court agrees that the ALJ did not offer a sufficient explanation supported by substantial evidence for giving little weight to Dr. Glafke's opinion that, in relevant part, Plaintiff would struggle with complex

tasks due to her inability to cope with her physical and psychological distress.

Dr. Glafke opined that Plaintiff's symptoms were more indicative of persistent depressive disorder rather than major depression. AR 603. Dr. Glafke noted Plaintiff's consistent worry and anxiety, and he opined that her negativistic style of thinking diminished her ability to regulate and process her emotions. *Id.* Dr. Glafke further opined that her difficulties with pain and psychological issues may "tie up additional resources" that could otherwise be used to store and retrieve information, and therefore her memory might be improved if her pain and psychological problems improved. *Id.* Dr. Glafke also opined that Plaintiff's medical conditions were likely exacerbated by her inability to cope with both her physical and her psychological distress. *Id.* He opined that while Plaintiff could comprehend, store, and retrieve information necessary to complete basic tasks, she will struggle with more complex, novel, or unfamiliar tasks due to her "difficulty coping with physical and emotional issues." *Id.*

The ALJ gave Dr. Glafke's opinion little weight, finding that Plaintiff's memory was "in the high average to superior range and thus, is inconsistent with the opinion that she could only complete basic tasks." AR 17. The ALJ found that teaching an accounting course was complex by nature, and therefore Plaintiff would not be limited in her ability to complete complex tasks.

The Seventh Circuit Court of Appeals has noted that "rejecting or discounting the opinion of the agency's own examining physician that the claimant is disabled . . . can be expected to cause a reviewing court to take notice and await a good explanation for this unusual step." *Beardsley v. Colvin*, 758 F.3d 834, 839 (7th Cir. 2014) (citing *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003); 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1)). Like in *Beardsley*, the ALJ in this case "did not provide a valid explanation for preferring the record reviewer's analysis over that of the agency's examining doctor[s]." *Id*.

The ALJ dismissed Dr. Glafke's opinion that Plaintiff would struggle with complex tasks

due to her inability to cope with physical and emotional issues, finding that, because Plaintiff's memory was in the high average to superior range, she could handle more than just basic tasks. AR 17. Moreover, the ALJ found that Plaintiff's job as a college professor is complex by nature, and therefore Plaintiff could handle complex tasks. *Id.* However, the ALJ failed to consider the multiple accommodations given to Plaintiff to allow her to continue her job. Plaintiff only worked three to four hours per week over two days, only taught in the late afternoon when she was "more aware and awake," was allowed to switch between sitting and standing, and only lectured one day per week. AR 40, 59–60. Moreover, Plaintiff did not create the course material, the tests, or homework. AR 61–62. While it is true that Plaintiff taught a single accounting class twice a week at a college, the ALJ fails to discuss the accommodations given to Plaintiff, which would help accommodate Plaintiff both with her physical conditions and emotional conditions. Dr. Glafke opined that Plaintiff's inability to cope with physical and emotional issues caused her anxiety and made it difficult for her to complete complex tasks. If Plaintiff's physical and emotional issues were resolved by accommodations at work, then her ability to perform part time work may not be inconsistent with Dr. Glafke's opinion. *See Vanprooyen v. Berryhill*, 864 F.3d 567, 571 (7th Cir. 2017) ("Part-time work is not good evidence of ability to engage in full-time employment, especially as she was able to continue working part-time only because some managers gave her easier shifts and other preferential treatment."). The ALJ's failure to consider Plaintiff's accommodations renders her dismissal of Dr. Glafke's opinion improper.

2.    *Dr. Jonathan Kahn, M.D., Consultative Examiner*

Plaintiff also asserts that the ALJ erred in weighing Dr. Jonathan Kahn, M.D.'s opinion regarding Plaintiff's physical limitations. Dr. Kahn examined Plaintiff on May 23, 2015. He noted decreased sensory to her face consistent with cranial nerve V deficit. AR 593. He further found decreased strength in the upper and lower extremities, reduced grip strength, and decreased pinch

8

grip of bilateral fourth and fifth digits. *Id.* Dr. Kahn further noted decreased range of motion in the cervical spine, lumbar spine, and hip flexion. He noted pain with movement of lumbar lateral flexion, as well as tenderness to midline low back, shoulder, acromion, elbows, and lateral knee. AR 594. Dr. Kahn ultimately opined that Plaintiff could only lift and/or carry up to ten pounds occasionally, could sit continuously for more than five hours a day with frequent or regular breaks, stand occasionally (two and a half hours a day), walk up to two and a half hours a day, and could only engage in continuous activities with frequent or regular breaks. AR 595. The ALJ afforded this opinion little weight, noting that Plaintiff admitted she could lift twenty pounds, was actively renovating her home, and worked as a professor and concluding that Plaintiff could perform light exertional work with postural limitations. AR 22.

As an initial matter, the ALJ regularly falls back on Plaintiff's ability to teach one class as evidence that she is not as disabled as alleged. In the discussion regarding Dr. Kahn's opinion, the ALJ stated that Plaintiff's part time job was definitive evidence that she could perform light exertional work. Once again, the ALJ fails to consider the nature of Plaintiff's part time work, as well as the accommodations provided for her.

While a claimant's part-time work may be considered in both assessing the RFC and in considering subjective symptoms, courts in this Circuit have repeatedly cautioned that part-time work does not demonstrate an ability to work full-time when "the claimant works extremely limited hours and is given significant accommodations in the workplace." *Wichelman v. Berryhill*, No. 18-cv-557, 2019 WL 2353462, at *2 (W.D. Wis. June 4, 2019) (citing *Vanprooyen*, 864 F.3d at 571); *see also Lanigan v. Berryhill*, 865 F.3d 558, 565–66 (7th Cir. 2017) ("We have cautioned ALJs not to draw conclusions about a claimant's ability to work full time based on part-time employment. That is especially true when, as here, the claimant's employer is accommodating him." (internal citations omitted)). "When evaluating a claimant's work experience as evidence of

[her] RFC, an ALJ must consider whether the work was done under special conditions or accommodations, including permission to 'take frequent rest periods' or 'work at a lower standard of productivity than other employees.'" *Warren v. Colvin*, No. 14 C 1622, 2015 WL 5081586, at *12 (N.D. Ill. Aug. 27, 2015) (quoting 20 C.F.R. § 416.973(c)). The ALJ improperly found Plaintiff capable of full-time work at light exertion level without considering the accommodations provided to her.

Plaintiff testified that she only worked three to four hours per week over two days; only taught in the late afternoon when she was "more aware and awake;" was allowed to switch between sitting and standing; only lectured one day per week; did not create the course material, tests, or homework; and was given a loose leaf copy of the textbook so that she did not have to carry the full textbook with her. AR 40, 59–62. The ALJ overlooked these accommodations and failed to take them into consideration when discussing Plaintiff's ability to work part-time. The Commissioner responds by arguing that Plaintiff is asking the Court to reweigh evidence. However, the ALJ never considered the evidence at all in the original decision, and, therefore, this cannot be seen as an attempt to reweigh evidence. The ALJ erred in relying on Plaintiff's ability to work part-time to find she could perform light exertional work full-time when the ALJ did not consider the accommodations afforded to Plaintiff.

The ALJ also cherry-picked other evidence in her reasoning for affording Dr. Kahn's opinion little weight. The ALJ focuses on a single statement from Plaintiff that she could lift twenty pounds, as well as claiming that she was able to renovate her home in affording Dr. Kahn's opinion little weight. AR 22. While it was noted twice in the record that Plaintiff was renovating her home, neither treatment note clarifies that it was Plaintiff herself doing the work. AR 1075, 1081. Nowhere in the record is there any indication that Plaintiff was capable of doing her own home renovation work. Instead, the treatment note regarding the renovation of her house appears

to inform the doctor she did not have a working bathroom. *See* AR 1081. The ALJ improperly speculated that Plaintiff's home renovations were being performed by Plaintiff. *See White*, 167 F.3d at 375 ("Speculation is, of course, no substitute for evidence, and a decision based on speculation is not supported by substantial evidence."). In response, the Commissioner argues that the ALJ's decision was correct because Plaintiff could use a riding mower and work on hobbies. However, the ALJ did not use these arguments in discounting Dr. Kahn's opinion. The Court cannot conduct a meaningful review if the ALJ fails to discuss those points. The Commissioner cannot rely on arguments not made by the ALJ in the decision to justify the ALJ's findings.

Finally, the ALJ noted that Plaintiff at one point claimed she could lift up to twenty pounds. AR 22. Plaintiff did state in a function report that she could lift 20 pounds. AR 236. However, the large majority of the evidence in the medical record indicates that she could not lift 20 pounds, and the ALJ failed to acknowledge or discuss that evidence. Plaintiff told Dr. Kahn that she could lift only 10–15 pounds, she told another doctor that she could lift 15 pounds only once and zero pounds repeatedly, and she testified at the hearing that she could only lift a gallon of milk or a bag of flower or sugar. AR 53, 592, 698. The ALJ discounted Dr. Kahn's opinion that Plaintiff could only lift 10 pounds occasionally based on one function report but ignored multiple pieces of medical evidence that supported Dr. Kahn's opinion. This is an error, especially combined with the multiple other errors made by the ALJ in analyzing Dr. Kahn's opinion.

3.   *State Agency Psychological Consultant Opinions*

The ALJ gave "great weight" to the opinions of the non-examining state agency physician and psychological consultants, Dr. Brill and Dr. Shipley. AR 17. In June 2015, Dr. Brill opined that Plaintiff suffered from affective disorders and anxiety disorders, which were severe. *Id.* 72. However, Dr. Brill did not discuss Plaintiff's limitations in the 'B' Criteria anywhere in the decision. Furthermore, Dr. Brill is not a psychological consultant, and it appears

11

that no other state agency doctors considered Plaintiff's mental impairments. *Id.* In December 2015, Dr. Shipley affirmed Dr. Brill's assessment regarding the severity of Plaintiff's mental impairments, but later found either no restrictions or mild restrictions in all of the 'B' Criteria. *Id.* 83–84. Dr. Shipley then found Plaintiff's mental impairments to be non-severe in his narrative. *Id.* 84. In giving these opinions great weight, the ALJ provides no meaningful discussion of the opinions or how they compare to Plaintiff's symptoms and the rest of the medical record. The ALJ again relies mostly on Plaintiff's ability to work part-time while ignoring the accommodations and her ability to allegedly renovate her own house. As discussed above, reliance on these areas is in error.

The ALJ failed to properly weigh the opinions of the state agency consultants under the factors in 20 C.F.R. § 404.1527. The ALJ simply provided the state agency consultants great weight, followed by a listing of the 'B' Criteria. Without a discussion and fully analysis of the opinions of the state agency consultants, the Court cannot be sure the ALJ properly considered the opinions. This error, in combination with the other errors committed by the ALJ, requires remand.

More problematically, neither state agency consultant acknowledged or discussed the consultative examiner opinions. Under the "Assessment of Policy Issues" and "Weighing of the Opinion Evidence" section of the Disability Determination Explanation forms completed by Dr. Brill and Dr. Shipley, the evaluations both indicate: "There is no indication that there is medical or other opinion evidence." *Id.* 73, 74, 84, 85. Yet, Dr. Glafke's June 2015 report was submitted for Dr. Brill's June 2015 review at the initial level of review. *Id.* 70. As for Dr. Shipley's review in December 2015, the consultative examination reports of both Dr. Glafke and Dr. Brown were available. *Id.* 80–81. As discussed above, the Medical Sources Statement provided by both Dr. Glafke included greater impairments than given by the state consultants. Dr. Brill did not provide

a psychiatric narrative, and Dr. Shipley failed to acknowledge either consultative examiner opinion in his narrative. Thus, there is no evidence that Dr. Brill and Dr. Shipley reviewed the consultative examiner medical source statements.

The Court recognizes that state agency physicians are deemed, by regulation, to be "highly qualified . . . experts in Social Security disability evaluation" and their opinions constitute medical evidence that is considered in the disability determination process. *See* 20 C.F.R. § 404.1513a(b)(i); *see also* 20 C.F.R. § 404.1527(e) (referring to § 404.1513a). However, the ALJ must nevertheless properly weigh the opinions under the regulatory factors. Here, the ALJ did not create a logical bridge between the evidence and the weight given to the state agency physician's opinions, nor is the weight supported by substantial evidence. On remand, the ALJ will have an opportunity to consider and explain whether updated state agency opinions are warranted or whether different weight should be given to the opinions. *See, e.g.*, *Meuser v. Colvin*, 838 F.3d 905, 912 (7th Cir. 2016) (criticizing the ALJ's reliance on state agency physicians who had only reviewed a fraction of the treatment records (citing *Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014); *Campbell v. Astrue*, 627 F.3d 299, 309 (7th Cir. 2010))); *Stage v. Colvin*, 812 F.3d 1121, 1125 (7th Cir. 2016) (remanding because new medical findings could reasonably change the reviewing physician's opinion).

## B.     Plaintiff's Subjective Complaints

The ALJ must consider a claimant's statements about her symptoms, such as pain, and how the symptoms affect her daily life and ability to work. *See* 20 C.F.R. § 404.1529(a); SSR 16-3p, 2017 WL 5180304, at *2 (Oct. 25, 2017). Subjective allegations of disabling symptoms alone cannot support a finding of disability. SSR 16-3p, 2017 WL 5180304, at *2. The ALJ must weigh the claimant's subjective complaints, the relevant objective medical evidence, and

any other evidence of the following factors:

  (1) The individual's daily activities;
  (2) Location, duration, frequency, and intensity of pain or other symptoms;
  (3) Precipitating and aggravating factors;
  (4) Type, dosage, effectiveness, and side effects of any medication;
  (5) Treatment, other than medication, for relief of pain or other symptoms;
  (6) Other measures taken to relieve pain or other symptoms;
  (7) Other factors concerning functional limitations due to pain or other symptoms.

*See* 20 C.F.R. § 404.1529(c)(3). Here, Plaintiff argues that the ALJ made several errors in assessing Plaintiff's subjective complaints regarding her ability to work, clean her home, renovate her home, do hobbies, and volunteer. The ALJ noted that Plaintiff's daily activities are "evidence that she is not as limited as she claims and would be capable of performing light exertional work with the above postural limitations." AR 24. The ALJ based this finding on Plaintiff's ability to "work, clean her home, renovate her home, do hobbies, and volunteer," as well as her pain relief from her spinal cord stimulator and aquatic therapy. *Id.*

  In general, the ALJ focused on Plaintiff's ability to maintain part time work as a professor teaching an accounting class to dismiss her subjective symptoms. As discussed above, the ALJ made several errors in discussing Plaintiff's ability to maintain part time work and in her ability to supposedly renovate her home. These errors require remand in the subjective symptom discussion in the same way that they require remand elsewhere. The ALJ ignored the accommodations afforded to Plaintiff in her part time work and improperly speculated in finding that Plaintiff could renovate her home. The ALJ also relies on Plaintiff's ability to volunteer, but improperly states that "she has volunteered at an animal hospital for the past four months." AR 19. This is a mischaracterization of the evidence. Plaintiff attempted to volunteer at an animal hospital, but she was forced to stop volunteering after four months because she was too limited in what she could physically do in the volunteer position. AR 43. The ALJ improperly found that she was currently volunteering at an animal hospital, when in fact Plaintiff had formerly

attempted to volunteer and was unable to do so after four months. The only other volunteer work Plaintiff participated in was at her church, which she was also forced to quit due to her physical and emotional difficulties.

On remand, the ALJ will have an opportunity to reassess each of these aspects of Plaintiff's testimony in the full context in which each statement was made. *See Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017) (finding the ALJ's decision to discredit the plaintiff and a treating psychologist "unsupported by the record because the ALJ's examples of [the plaintiff's] daily activities and social interactions do not remotely describe a 'very active' lifestyle").

**C.     Non-Severe Impairments**

Plaintiff also argues that the ALJ improperly found her mental health impairments to be non-severe. *See* AR 16–18. Plaintiff does not identify any limitations from these non-severe impairments. However, the step two requirement of establishing severity is "merely a threshold requirement." *Hickman v. Apfel*, 187 F.3d 683, 688 (7th Cir. 1999); *see also Castile v. Astrue*, 617 F.3d 923, 927 (7th Cir. 2010). The ALJ identified other impairments that she determined to be severe; therefore, her finding that the mental health impairments were non-severe was "of no consequence with respect to the outcome of the case. Because the ALJ recognized numerous other severe impairments, [s]he was obligated to proceed with the evaluation process." *Castile*, 617 F.3d at 927. However, this does not eliminate the need for the ALJ to review Plaintiff's mental health impairments and their possible limitations on her RFC. The ALJ still must consider any limitations caused by severe and non-severe impairments when determining the RFC. *Ray v. Berryhill*, 915 F.3d 486, 492 (7th Cir. 2019). The ALJ must also consider the combined effects of her impairments without regard to severity. *See Bowen v. Yuckert*, 482 U.S. 137, 150–51 (1987). The ALJ erred in assigning weight to Dr. Glafke, who opined that

15

Plaintiff's mental health impairments were linked in part to her physical impairments. The ALJ provided no other discussion on the possible limitations caused by Plaintiff's mental health impairments and the combined effect of her physical impairments on her mental health. On remand, the ALJ will have the opportunity to determine whether Plaintiff's non-severe impairments caused limitations that would affect her RFC, both on their own and in combination with her physical impairments.

**D.     Award of Benefits**

Plaintiff asks the Court to reverse and remand for an award of benefits or, in the alternative, for further proceedings. An award of benefits is appropriate "only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011) (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005)). Based on the discussion above, an immediate award of benefits is not appropriate.

## CONCLUSION

For the reasons stated above, the Court GRANTS the relief sought in Plaintiff's Brief [ECF No. 13] and REVERSES the decision of the Commissioner. The Court REMANDS this matter for further proceedings consistent with this Opinion. The Court DENIES Plaintiff's request to award benefits.

SO ORDERED on June 10, 2020.

        s/ Theresa L. Springmann
        JUDGE THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT