UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| PAMELA RAE HARTMAN, | |
| Plaintiff, | |
| v. | CAUSE NO.: 4:19-CV-26-TLS |
| ANDREW M. SAUL, Commissioner of the Social Security Administration, | |
| Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Unopposed Motion for Approval of Attorney Fees Pursuant to 42 U.S.C.A. Section 406(b) [ECF No. 27], filed on April 19, 2021. For the reasons stated below, the Plaintiff's Motion is GRANTED.

**BACKGROUND**

On April 1, 2015, the Plaintiff filed an application for disability insurance benefits, alleging disability beginning on July 7, 2014. June 10, 2020 Op. & Order 1, ECF No. 18. After the Administrative Law Judge issued an unfavorable decision, the Plaintiff filed a Complaint in this Court on March 15, 2019 [ECF No. 1]. On June 10, 2020, the Court reversed and remanded this case for further proceedings. June 10, 2020 Op. & Order. Ultimately, the Social Security Administration issued a Notice of Award [ECF No. 27-1] awarding the Plaintiff past-due benefits, twenty-five percent of which was withheld for the payment of attorney fees in the amount of $32,515.63. *See* Notice of Award 4, ECF No. 27-1.

A different attorney representing the Plaintiff at the administrative level has requested attorney fees from the Administration in the amount of $10,000.00 under 42 U.S.C. § 406(a),

which would be paid from the twenty-five percent withheld. In the instant motion, the Plaintiff's attorney requests an award of attorney fees under 42 U.S.C. § 406(b) in the remaining amount of $22,515.63. Pl.'s Mot. 1, ECF No. 27. In the retainer agreement between the Plaintiff and her attorney, the Plaintiff agreed to pay her attorney twenty-five percent of all past-due benefits. *See* Retainer and Fee Agreement for Federal Court Representation, ECF No. 27-2. Counsel was previously awarded $7,500.00 in attorney fees pursuant to the Equal Access to Justice Act (EAJA), which counsel will refund to the Plaintiff if fees are awarded under § 406(b). *See* Pl.'s Mot. ¶ 6, ECF No. 27; *see also* Sept. 22, 2020 Order, ECF No. 26.

## ANALYSIS

The Plaintiff's counsel, subject to refunding $7,500 in EAJA fees, requests $22,515.63 in attorney's fees pursuant to 42 U.S.C § 406(b). The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the Court, *see* 42 U.S.C § 406(b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. The reasonableness analysis considers the "character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Reasons to reduce an award include an attorney's unjustifiable delay or if the past-due benefits are large in comparison to the amount of time an attorney has spent on a case. *Id.* 808. In addition, an award of EAJA fees under 28 U.S.C. § 2412 offsets an award under § 406(b). *Id.* at 796.

In this case, the requested amount in attorney's fees is consistent with the contingency agreement. In addition, counsel has requested only $22,515.63 in attorney fees under § 406(b), which is less than the twenty-five percent permitted by the agreement, so that the § 406(b) fee in combination with the $10,000.00 § 406(a) fee requested by counsel at the administrative level will not exceed the twenty-five percent withheld in the amount of $32,515.63. Pl.'s Mot. ¶ 5. The Plaintiff's counsel represents that 36.8 attorney hours were spent in federal court on this case, resulting in an effective hourly rate of $611.84. *See id.* at ¶ 9. Such an hourly rate is reasonable given the contingent nature of this case. *See Osmun v. Comm'r of Soc. Sec.*, 1:16-CV-273, 2020 WL 7334271, *3 (N.D. Ind. Dec. 14, 2020) (effective hourly rate of $525); *Niebuhr v. Saul*, 18-CV-720, 2020 WL 6484488, at *1 (W.D. Wis. Nov. 4, 2020) (effective hourly rate of $579); *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded attorney's fees with hourly rates ranging from $400 to $1,500).

## CONCLUSION

For the reasons stated above, the Court GRANTS the Plaintiff's Unopposed Motion for Approval of Attorney Fees Pursuant to 42 U.S.C.A. Section 406(b) [ECF No. 27] and AWARDS attorney's fees under 42 U.S.C. § 406(b) in the amount of $22,525.63. The Court ORDERS the Plaintiff's attorney to refund to the Plaintiff the $7,500.00 in EAJA fees previously awarded in this case.

SO ORDERED on April 27, 2021.

                                              s/ Theresa L. Springmann
                                              JUDGE THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT